STATE OF MISSOURI, Respondent, v. ROSE MUNSEN,
Appellant.

St. Louis Court of Appeals, December 7, 1897.

1. Criminal Law: SALE OF MORTGAGED PROPERTY WITHOUT CONSENT OF
MORTGAGEE: INFORMATION: SUFFICIENCY. It is not necessary that an
information, for the sale of mortgaged property contrary to the provi-
sions of section 3570, Revised Statutes 1889, shall state the property
was sold without the *written* consent of the mortgagee; it is sufficient
if it alleges that the sale was made without the mortgagee's consent.

State v. Munsen.

2. —— : —— : REVISED STATUTES 1889, SECTION 3570 : CONSTRUC-
TION.  The statute in relation to the sale of mortgaged property, *supra*,
was enacted for the protection of purchasers as well as mortgagees,
and a contention that there can be no violation of the statute unless
the mortgagee is defrauded, in untenable.

3. —— : EVIDENCE SHOWING WANT OF CRIMINAL INTENT : COMPE-
TENCY.  Evidence tending to show want of criminal intent in the
commission of an offense is admissible, although it embraces facts
subsequent to the offense.  *State v. Graham,* 46 Mo. 490.

*Appeal from the St. Louis Court of Criminal Correction.*
HON. DAVID MURPHY, Judge.

REVERSED AND REMANDED.

*Frank A. C. MacManus* and *William McNamee*
for appellant.

In civil law, when the mortgagee gives verbal per-
mission to the mortgagor to sell the mortgaged prop-
erty, he thereby releases his lien.  *Coffman v. Walton,*
50 Mo. App. 404; *Gage v. Whittier,* 17 N. H. 312;
*Pratt v. Maynard,* 116 Mass. 388; 2 Cobby on Chat.
Mort., secs. 637, 686; Jones on Chat. Mort., sec. 456;
*Carter v. Fately,* 67 Ind. 427.

The specific charge contained in the information,
placed against defendant, enlarges the provisions of
the statute.   Such a charge so comprehensively
worded, is unknown to the law, and the information is
fatally defective.  R. S. 1889, sec. 3570.   See, also,
*State v. Crenshaw,* 41 Mo. App. 24; *State v. Sparrow,*
52 *Id.* 374; 95 Mo. 389; *State v. Carpenter,* 62 *Id.* 594;
*Comm. v. Ruff,* 9 Watts (Pa.), 114; *State v. Schuchman,*
133 Mo. 111.

Where the prosecution is bottomed on a statute,
and the words of the statute are descriptive of the of-
fense, and enter into its definition, the exact words of
the statute must be used.  *State v. Ross,* 25 Mo. 429;

State v. Munsen.

*State v. Emerich*, 87 *Id.* 115; *State v. Greenhagen*, 36 Mo. App. 24; *State v. Cornell*, 45 *Id.* 94; *State v. Gallogo*, 57 *Id.* 515; *State v. Schuchmann, supra.*

Only mortgagors are subject to this statute. *State v. Basset*, 52 Mo. App. 392, and citations; *People v. Howland*, 44 Pac. Rep. (Cal.) 342.

Intoxication, so deep and excessive as to rob one of his understanding, will impair contracts made while in that condition of mind. 1 Story on Con., sec. 87; 1 Story, Eq. Jur., sec. 231; *Caulkins v. Fry*, 35 Conn. 170; *Belcher v. Belcher*, 10 Yerg. 121; *Cavender v. Waddingham*, 2 Mo. App. 556. See, also, *Ritter v. Ins. Co.*, 69 Fed. Rep. 505.

No brief filed for respondent.

BIGGS, J.—The defendant was convicted of selling mortgaged property (R. S. 1889, sec. 3570). She has appealed and assigns as grounds for the reversal of the judgment that the information is fatally defective, and that the trial court committed error in rejecting competent testimony offered by her.

The objections to the information are without merit. The contention that the information should state that the property was sold without the SALE of mortgaged property without consent of mortgagee: information: sufficiency. *written* consent of the mortgagor, is not tenable. The allegation is that the sale was made "without the consent," etc. This was sufficient, since the averment fully negatives the idea that any sort of permission was given to sell the property. The further contention that there can be no infraction of the statute unless the mortgagee is defrauded, is equally without merit. The R. S. 1889, sec. 3570: construction. information avers that the purchaser of the property was defrauded, etc. The statute was enacted as well for the protection of purchasers

as mortgagees. *Coffman v. Walton*, 50 Mo. App. 404.

The evidence for the plaintiff tended to prove that the defendant sold the property to the prosecuting witness for $50; that the defendant authorized a third person to execute a bill of sale of the property in her name; that the sale was made without the consent of the mortgagee, and without informing the purchaser of the existence of the mortgage. The defendant denied that she sold the property, or that she authorized anyone to execute the bill of sale, or that in consideration of the pretended sale she received from the prosecuting witness or from anyone else the sum of $50, or any other sum. She further testified that at the date of the bill of sale she was on a protracted spree; that her intoxication had been so great and of such long duration as to temporarily dethrone her reason; that if she did in fact authorize the execution of the bill of sale, she was not of sufficient mind to comprehend its import. The defendant offered to prove further that at or about the time of the pretended purchase she was sent to the hospital for treatment, and that as soon as she was restored to her right mind and learned of the pretended sale, she promptly denied it, and that she immediately went to see the mortgagee and informed it of the alleged fraudulent claim and of the place where the property was stored. The court excluded this testimony, of which the defendant complains.

The general rule is well understood that after the commission of a crime the accused can not by his acts or declarations manufacture evidence in his favor. But this rule, like all other general rules, has some limitations. Under the theory of the defense the state of the defendant's mind at the time of the alleged purchase was a very material inquiry, for if she was incapable of

EVIDENCE showing want of criminal intent: competency.

comprehending the business, it could not be said that she committed the act with a criminal intent. The rejected evidence was offered as tending to prove the condition of her mind, and that if the defendant did in fact sell the property, the act was not criminally done, and that therefore as the prosecuting witness had knowledge of her mental condition, it could not be said that she was defrauded. We think that under the authority of *State v. Graham*, 46 Mo. 490, the evidence was admissible. There the defendant was indicted for maliciously killing a hog. It was held that evidence which tended to show a want of criminal intent was admissible, although it embraced facts subsequent to the killing.

The judgment of the court of criminal correction will be reversed and the cause remanded. All concur.