(June 6, 1908.)

STATE, Appellant, v. M. M. BARBER, Respondent.

[96 Pac. 116.]

LARCENY—DIFFERENT DEGREES OF—NEW TRIAL—GRANTING OF—DIS-
CRETION OF JUDGE OR COURT.

1. Under the provisions of sec. 7100, Rev. Stat., the different degrees of larceny are to be determined by the value and kind of property disposed of by the mortgagor under the provisions of said section.

2. Under the provisions of said sec. 7100, Rev. Stat., the fact that the mortgagee has received full payment of the mortgage debt after the sale of the mortgaged property will not necessarily prevent the prosecution of the mortgagor for the crime of larceny for wilfully selling mortgaged property.

3. Where a motion for a new trial in a criminal case is granted, the action of the court will be sustained on appeal unless it appears that there was a clear abuse of discretion in granting such new trial.

4. The trial court or judge, granting a new trial, ought to specify in the order the ground on which the new trial is granted.

(Syllabus by the court.)

APPEAL from the District Court of Sixth Judicial District for Fremont County. Hon. J. M. Stevens, Judge.

Defendant was convicted of grand larceny for selling mortgaged personal property, and motion for a new trial was granted by the trial judge. *Affirmed.*

W. H. Holden, for Respondent.

The mortgagee is fully protected under the law from any financial loss by reason of the sale of mortgaged property, for the reason that such sales are void and the mortgagee is fully empowered, if he so desires, to follow and take the mortgaged property under his mortgage wherever and whenever he finds it, and such sale under the law, if made wilfully and without the consent of the owner, is void, and the person so selling said mortgaged property shall be deemed guilty of larceny. (*Mills v. Glennon,* 2 Ida. 105, 6 Pac. 116; Jones on Chattel Mortgages, secs. 455, 456; *Stafford v. Whitcomb,* 8 Allen, 518; *Gage v. Whittier,* 17 N. H. 312.)

There are none of the elements of larceny in this statutory offense, and the legislature could, therefore, with as much reason, have provided that any person violating any of the provisions of said section was guilty of murder. The legislature might have constitutionally made, as has been done in Nebraska, the selling of mortgaged personal property, a felony, but it could hardly make it larceny, any more than it could make it murder or burglary. (*State v. Hughes,* 38 Neb. 366, 56 N. W. 982.)

J. J. Guheen, Attorney General, and Edwin Snow, Assistant Attorney General, and Soule & Soule, for Appellant.

The discretion of the trial court in this matter, as in all others, is governed by law, and there must be in the record somewhere at least a possibility of legal error, or something must have occurred during the trial to deprive the defendant of a fair and impartial trial before the court can set aside the verdict of the jury. (*State v. Driskell,* 12 Ida. 245, 85 Pac. 499.)

The value of the property taken determines the degree of the crime of larceny. (25 Cyc. 60; *People v. Comyns*, 114 Cal. 107, 45 Pac. 1035; *State v. Barker*, 64 Mo. 282; *People v. Price*, 67 Cal. 350, 7 Pac. 745; *People v. Garcia*, 127 Cal. xviii, 59 Pac. 576; *People v. Buelna*, 81 Cal. 135, 22 Pac. 396.)

SULLIVAN, J.—This is an appeal on the part of the state from an order granting a new trial to the defendant, who was convicted of grand larceny for selling mortgaged cattle and sentenced to two years' imprisonment in the penitentiary. This prosecution was brought under the provisions of sec. 7100, Rev. Stat., which is as follows:

"Every mortgagor of property mortgaged in pursuance of the provisions of Chapter Four of Title Twelve of the Civil Code, who, while such mortgage remains unsatisfied in whole or in part, wilfully removes from the county or counties where such mortgage is recorded, or destroys, conceals, sells, or in any manner disposes of the property mortgaged, or any part hereof, without the consent of the holder of the mortgage, is guilty of larceny."

Under the provisions of that section, a person may be convicted of either petit or grand larceny. If the property disposed of is livestock, or exceeds the value of $60, the disposition of the same by the mortgagor, under the provisions of said sec. 7100, is grand larceny; otherwise it is petit larceny. (Sec. 7048, Rev. Stat.)

It is suggested by counsel that as the evidence shows the mortgagee had received other security from the mortgagor in place of the property sold, this prosecution cannot be maintained for that reason. Counsel mistakes the purpose of said statute. The provisions of that statute are not solely for the protection of the mortgagee, but for the protection of the person to whom the mortgaged property has been sold as well, as the mortgagee may take the property wherever found, and the purchaser may be the loser. In the case at bar, the mortgagee may not in the end lose a dollar, but it appears from the record that the purchaser has lost money by reason of the purchase, and the law is for his protection as well as that of

the mortgagee. The question whether anyone has lost money by reason of the sale of mortgaged property is not the test as to whether a crime has been committed under the provisions of said section, and if a crime has been committed thereunder, it is not in the power of the mortgagee to condone the offense and prevent a prosecution for it, any more than one can commit the larceny of a horse, and if caught, pay for the horse and thus satisfy the law for the commission of the crime.

It is contended by the attorney general that under the testimony introduced on the trial, there is not a possibility of a doubt of defendant's guilt of the crime charged, and it does appear quite conclusive; but, as the granting of a new trial is largely in the discretion of the trial court, its action therein will not be disturbed unless there appears a clear abuse of such discretion. The trial court saw the witnesses, heard them testify, observed their manner while on the stand, and concluded that in the interests of justice a new trial should be granted. We are unable to say from the record before us that he abused his discretion in that matter, and for that reason this court will sustain the order granting a new trial.

If the trial court, when granting a new trial, would specify the grounds upon which such new trial is granted, it no doubt would lighten the labors of respective counsel and of this court, and not require the court to examine matters which were not taken into consideration by the judge or trial court in determining the motion.

The order granting a new trial must be sustained, and it is so ordered.

Ailshie, C. J., and Stewart, J., concur.