RAINEY (COON) CRESWELL *v.* STATE OF TENNESSEE.

*(Nashville,* December Term, 1929.)

Opinion filed July 19, 1930.

WILL FOX FOWLER and OWEN W. HUGHES, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Rainey Creswell, to whom we shall refer as defendant, was convicted of bribery, and his maximum punishment fixed at five years in the penitentiary.

The substance of the indictment is that after B. P. Osborn had been duly and legally selected and sworn as a juror to try Walter Liggett on a charge of murder, defendant promised to pay said juror two hundred dollars in lawful money if he would return a verdict of not guilty.

Defendant filed a written motion to quash the indictment because it did not aver knowledge on his part of the official character of Osborn. The motion was overruled, and this action of the trial court is the only ground upon which a reversal is asked.

In 9 Corpus Juris, 411, it is said:

"Since one of the essential elements of the offense of offering a bribe is that the accused should know that the person to whom the bribe was offered was in fact an officer, that fact must be averred in the indictment. But it is not essential in all cases that the indictment shall contain an express allegation to this effect, as in many

cases it is necessarily implied from a statement of the acts which constitute the offense."

There are a few cases which hold that an indictment is bad which does not expressly and positively charge knowledge of the accused as to the official character of the person to whom the bribe is offered. *State* v. *Howard* (Minn.), 34 L. R. A., 178; *Colson* v. *The State,* 71 Fla., 267; *State* v. *King* (W. Va.), 138 S. E., 330; *Petitti* v. *State* (Okla.), 121 Pac., 278.

Mr. Wharton, in his work on Criminal Pleading and Practice, section 164, says:

"Where the statement of the act itself necessarily includes knowledge of the illegality of the act, no averment of knowledge is necessary."

In *Pettibone* v. *United States,* 148 U. S., 204, 37 Law Ed., 423, the court said:

"In cases of that sort it is the official character that creates the offense and the *scienter* is necessary. ('Citing authorities.)

"This is so whenever knowledge is an essential ingredient of the offense, and not implied in the statement of the act itself."

Cases directly holding that knowledge may be implied from a statement of the acts are as follows: *Bosco* v. *State* (Md.), 146 Atl., 238; *People* v. *Glass* (Cal.), 112 Pac., 281; *State* v. *Dankwordt,* 107 Iowa, 704; *Com.* v. *Bailey* (Ky.), 82 S. W. 299; *Robinson* v. *State* (Ind.), 113 N. E., 306.

Knowledge of official character is clearly implied where, as in this case, the accused offers a sworn juror in a particular case a bribe to return a verdict of not guilty, because the latter can only return such a verdict by virtue of the fact that he is a juror in that case. As

was stated by the court in *Robinson* v. *State, supra*: "A person of common understanding could not mistake the purport, for no hypothesis of ignorance of official character is reconcilable with the act averred, and courts should not pretend ignorance of what all mankind knows."

While the rigorous practice at the common law required an express averment of knowledge of official character, the modern tendency of the courts is to relax the practice in cases of this nature and sustain the indictment when, by reasonable intendment, it embraces the essential ingredients of the offense charged, and notifies the accused with reasonable certainty as to the crime for which he is to answer. Such is the spirit of the new Code of Criminal Procedure adopted by the American Law Institute. The wisdom of this modification of the old rule is illustrated by this case; the defendant is admittedly guilty; the evidence shows that he knew that Osborn was a juror in the Liggett case when he offered him a bribe; and he was accorded a fair trial. In these circumstances we are asked to reverse the case upon the ground stated. In our opinion, the modified rule is more in keeping with modern procedure, and works no injustice to the accused. Adopting this view, it follows that the judgment of the trial court must be affirmed.