McClure *v.* State.

(*Nashville*, December Term, 1937.)

Opinion filed Feb. 12, 1938.

SAM HOLDING and MARINE W. BLEDSOE, both of Columbia, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE COOK delivered the opinion of the Court.

This appeal is from a conviction, with sentence of three years in the penitentiary, for disposing of mortgaged property. The defendant, Henry McClure, by deed of trust, recorded May 16, 1934, transferred chattels including one black filly, to secure payment of $135, to Columbia Production Credit Association. In July, 1935, the defendant sold the black filly to J. O. Miller for $100. The mortgage debt had not been satisfied. The mortgagee took possession of some of the chattels covered by defendant's mortgage, and J. O. Miller, recognizing the superiority of the mortgagee's right, surrendered the filly, which was sold for $100 and the proceeds credited on the mortgage debt. Miller thereupon appeared before the grand jury and instituted a criminal prosecution against the defendant for disposing of mortgaged property. After indictment, the defendant, through his attorney, paid the balance of the mortgage debt and the mortgagee released the lien under the mortgage by a marginal entry on the mortgage book in the Register's Office, as provided by statute.

It is insisted by defendant that payment of the mortgagee's debt before arraignment upon the indictment relieved the defendant of criminal prosecution. The statute upon which the indictment rests originated with chapter 164, Acts of 1883, and that statute was brought into the Code of 1932, pertinent provisions of which are as follows:

Section 10972: "The maker of any registered mortgage or deed of trust of personal property, or any person, who shall dispose of their property conveyed in or covered by such conveyance, with the purpose of depriving the mortgagee, trustee, or any beneficiary of the same, or any part thereof, or of the proceeds, or any part thereof, shall be guilty of a felony."

Section 10975: "If the person, so disposing of the property, shall pay the debt, to secure which the mortgage was executed, before he is arraigned for trial, he shall not be held liable hereunder."

It should be noted here that the debt of the mortgagee has been paid. It was satisfied from the proceeds of agricultural implements included in the mortgage, the proceeds of the filly which Miller, the purchaser from the mortgagor, surrendered to the mortgagee, and payment of the balance of the mortgage debt by the mortgagor.

It is insisted that payment and satisfaction of the mortgage debt before arraignment upon the indictment relieved the defendant of criminal responsibility and, further, that since the mortgage debt has been discharged and the mortgagee has not been deprived of the proceeds of the mortgage or any portion of its debt, that he cannot be held criminally responsible.

This position is combated by the State upon the insistence that the statute was not only intended to pro-

tect the holder of a registered mortgage, but also to protect subsequent purchasers and transferees, and therefore the sale by defendant of the mortgaged property without notifying the buyer violates the statute. In support of the proposition, the State has cited *People* v. *Wolfrom,* 15 Cal. App., 732, 115 P., 1088, *State* v. *Barber,* 15 Idaho, 96, 96 P., 116, and *State* v. *Munsen,* 72 Mo. App., 543. Cases to the contrary are *Puckett* v. *Hopkins,* 63 Mont., 137, 206 P., 422 and *State* v. *Ruhnke,* 27 Minn., 309, 7 N. W., 264, holding insufficient an indictment charging intent to defraud a person other than the mortgagee. No cases of this State involve a construction of the statute.

Such statutes as this, highly penal and creating a new offense, are to be strictly construed. The construction is dependent upon the meaning conveyed by the words used and by the context considered in connection with the law existing when the act was passed. It must be supposed that the Legislature understood and had in contemplation existing laws which recognized the right of the mortgagee to sell property subject to the lien imposed by the mortgage and also that the recording acts afforded notice to the public of the existence of mortgages. By the common law, the mortgagor had an equity in the property which he could dispose of and protect the purchaser by payment of the mortgage debt. The mortgagee had no such protection. If the mortgaged property was sold and carried away into a place of concealment by the purchaser, the mortgagee was deprived of his rights, maybe by connivance of the mort gagor and the purchaser of the mortgaged chattel; and so it seems that, by declaring it a felony punishable by at least three years' imprisonment in the penitentiary

to dispose of mortgaged property with the purpose of depriving the mortgagee, trustee, or beneficiary of any part thereof or of the proceeds or any part thereof, the Legislature intended the act for the protection of the mortgagee, and accordingly limited its provisions instead of using language broad enough to include others than the mortgagee, trustee, or beneficiary.

Applying the rule of strict construction, the statute must be limited in its effect to the protection of the mortgagee, and, since the mortgagee has been paid in full, this conviction cannot stand.

Reversed and remanded.