McCLURE *v.* STATE.

(*Nashville*, December Term, 1938.)

Opinion filed Feb. 4, 1939.

SAM HOLDING and MARINE W. BLEDSOE, both of Columbia, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The defendant has been convicted of obtaining money under false pretenses, given a sentence of three years in the penitentiary, and has appealed in error to this court.

The facts are not disputed. The defendant did not testify. The evidence shows that in 1935 the defendant sold a black filly to one J. O. Miller for $100, defendant representing that he had a good title to the animal and that the same was not encumbered. It developed later that defendant had previously executed a chattel mortgage covering this filly and some farm implements to the Co-

lumbia Production Credit Association and that this mortgage was of record in the register's office at Columbia.

The defendant being in default on his mortgage, the Credit Association set about enforcing the same and found that this animal had been sold by defendant as above stated. Miller was advised of the mortgage on the animal, investigated the matter, and turned the filly over to the Credit Association. The Association sold the filly for $100, which sum it applied on the mortgage debt. Defendant in no way reimbursed Miller, and Miller is out the sum of $100 by reason of defendant's fraud and misrepresentation in assuring that he had good title to the animal involved.

Defendant was heretofore indicted under Code, Sec. 10972, making it an offense to dispose of personal property covered by registered mortgage ''with the purpose of depriving the mortgagee, trustee, or any beneficiary of the same, or any part thereof, or of the proceeds, or any part thereof'' a felony.

Before arraignment on this charge, the defendant paid to the Credit Association, after the sale of the filly, the balance due on said mortgage indebtedness. Section 10975 of the Code provides that a person so paying such an indebtedness before he is arraigned for trial shall not be held liable under section 10972.

Notwithstanding that defendant had paid off the debt, he was convicted in the former case. The theory of the State was that this statute was not only intended to protect the holder of a registered mortgage, but also to protect subsequent purchasers and transferees. On appeal this court reversed the judgment of conviction holding that the provisions of Code, Sec. 10972, were intended

for the protection of the mortgagee, trustee, or beneficiary only, and the mortgagee in the case having been paid off, defendant should have been discharged. *McClure* v. *State*, 172 Tenn., 424, 113 S. W. (2d) 63.

Thereafter the indictment in the case before us was returned and the defendant has been convicted of false pretenses under section 10949 of the Code as heretofore stated.

Several assignments of error are made on behalf of the defendant, but as explained in the brief filed for defendant, these assignments raise only three questions. These questions we shall consider separately but not in the order in which counsel discuss them.

One proposition is that the defendant having been previously indicted and tried on the charge of disposing of mortgaged property in the sale of this black filly to the prosecutor herein, and finally discharged in that case, cannot be proceeded against under this indictment charging him with obtaining money under false pretenses in the sale of the same animal to the same prosecutor.

We think this proposition can not be maintained. The defendant has not been put in jeopardy heretofore for the offense of which he is convicted herein. In *Dowdy* v. *State*, 158 Tenn., 364, 13 S. W. (2d), 794, decisions of this court on double jeopardy were reviewed and rules deducible from those decisions were set out. Rule No. 4 so formulated was expressed as follows:

"4. But when the same facts constitute two or more offenses wherein the lesser offense is not necessarily involved in the greater, and when the facts necessary to convict on a second prosecution would not necessarily have convicted on the first, then the first prosecution would not be a bar to the second, although

144

the offenses were both committed at the same time and by the same act.''

Neither of these offenses—disposing of mortgaged property or of obtaining money under false pretenses—is necessarily included in the other. The offenses are of equal grade, both subjecting the offender to a minimum punishment of three years and a maximum punishment of ten years. Facts necessary to conviction of one offense do not necessarily sustain a conviction of the other offense. One might dispose of mortgaged property to the hurt of the mortgagee without injury of any kind to the person to whom the property was turned over. Indeed the person acquiring the property from the mortgagor might connive at the fraud upon the mortgagee.

And again, one may obtain the money of another by fraudulently representing as unencumbered property sold to that other without any hurt to the mortgagee, trustee, or beneficiary of a registered mortgage covering such property. Defendant did exactly that in the instance before us. The mortgaged animal was not carried away nor concealed, the mortgagee's lien was not impaired nor his remedies embarrassed, and defendant paid the balance due on the mortgage debt and was acquit in the first case before he was arraigned.

The proposition chiefly argued in behalf of defendant is that the registered mortgage gave to the purchaser of this animal constructive notice of the encumbrance on the animal and relieved the defendant of the charge of obtaining money under false pretenses.

In *Cook* v. *State*, 170 Tenn., 245, 94 S. W. (2d), 386, we noted that in some of our earlier decisions it had been said that where a person might have determined by the use of ordinary prudence that representations made to

him were false, he could not be heard to say that he was deceived and that a prosecution for false pretenses could not be maintained. These earlier cases were disapproved and the court concluded that [page 249] "when all the circumstances evince that the representation was made designedly, with an intent to cheat, and was calculated to deceive and capable of defrauding, the prisoner cannot excuse himself by saying that if the victim had been sharp, vigilant, and astute he could have detected the fraud by using the means of detection available to him."

■ Such is the weight of modern authority. Wharton's Criminal Law (12 Ed.), secs. 1425, 1455; Bishop on Criminal Law (9 Ed.), Sec. 874 (2); Brill Cyclopedia of Criminal Law, secs. 182, 1257; 11 R. C. L., 834. Applying the rule there stated, a number of courts have held that the constructive notice given by registration of an encumbrance on land or personal property did not relieve a defendant of false representations made to the purchaser concerning the title to such property.

In the case of *Thomas* v. *People*, 113 Ill., 531, the defendant was indicted for false representations in connection with the sale of certain real estate made by him. Answering a contention similar to the one here made, the court said:

"He represented his title to be good, and the property to be clear of incumbrances. By these means he got possession of her goods. He neither owned the lots, nor was able to procure a deed conveying the legal title to them, to her—and this want of title and inability the defendants knew when the pretended trade was made. The only question raised upon the facts, demanding attention, is, whether the negligence of the prosecutrix in not having the records examined in respect of the title, can be urged

as a defence. We think it does not lie in the mouths of these defendants to say, that because, by their artifice, they inspired an unmerited confidence, they are guiltless. The offence is the combination to obtain property by false pretences; and the very object might be, and often is, to so influence the party as to prevent the accuracy of the pretences being tested. Whether one owns property, is a fact. The truth in regard to it might, undoubtedly, be disclosed by the record, but it might equally be disclosed by the declarations of the party; and the most dangerous artifice, and that against which it is most important the law should protect simple-minded and credulous people, is that whereby they are induced to forego all investigation, and trust implicitly to the trickster.''

In the case of *State* v. *Hill*, 72 Me., 238, the defendant falsely pretended to be the owner of valuable real estate and that there was no encumbrance on the same. The trial court was asked to instruct that, if the mortgages were recorded, it was notice to the prosecutor and negatived the charge that he was deceived by any representations, if made, that the real estate was free from encumbrance. The Supreme Judicial Court of Main said that the request was properly refused, and added:

''The doctrine of constructive notice does not apply in such cases. The parties were in Portland. The land was in Saco. The records were in Alfred, many miles from Portland. Under these circumstances Mr. Best [the prosecutor] had a right to rely upon the defendant's statement; and if the statement was wilfully false, and Mr. Best was in fact deceived by it, the falsehood was not deprived of its criminality because Mr. Best, by going

to Alfred, and searching the public records, could have ascertained the truth.''

Other cases to the same effect are cited by the text-writers to whom reference is made above.

 Another proposition of defendant is that the State having elected to prosecute him to a conclusion on the charge of disposing of mortgaged property is estopped to prosecute this second indictment based upon the same transaction.

Prior to arraignment in the first case, the mortgage having been paid off, the transaction was such that only one prosecution could be had against defendant for his part therein. There were not two offenses between which to elect.

Affirmed.