RENNER *v.* STATE.

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

S. Raulston Schoolfield, of Chattanooga for plaintiff in error.

J. Malcolm Shull, Assistant Attorney General for the State.

Mr. Justice Tomlinson delivered the opinion of the Court.

Plaintiff in error, C. L. Renner, hereafter called defendant, was convicted of having in his possession, keeping and exhibiting a gaming device to entice persons to gamble, this device being known as "High Score Tickets," Code, Section 11282, and given a fine of $300 together with a jail sentence of ninety days. He was likewise convicted of promoting a lottery, Code, Section 11302, and given a fine of $1,000, and a workhouse sen-

tence of thirty days. He has appealed from the order of the Court overruling his motion for a new trial. By agreement the two cases were tried together and come here under one bill of exceptions.

The transcript was filed with the Clerk of this Court on January 26, 1948. Assignments of error in each case were filed on October 5, 1948, with a very brief statement as to why the plaintiff in error thinks these assignments of error should be sustained. The errors assigned challenge the sufficiency of the evidence, and insist that the evidence obtained under the search warrant was incompetent.

No reference is made to the pages of the record in support of the assignments of error directed to the facts; nor to the pages of the record where the ruling of the Court on matters constituting errors of law appear. No citation to authorities is made to sustain the proposition of law insisted upon by the assignment of error with reference to the illegality of the search.

It is clear from the above statement of the status of the record that plaintiff in error has failed in a rather impressive manner to comply with Rules 17 and 14 of this Court. The State has accordingly moved for an affirmance of the conviction in each of the above cases. Plaintiff in error has not interposed any resistance to this motion. However, since the record was submitted without oral argument, it may be that the State inadvertently failed to inform counsel for plaintiff in error of this motion, and that lack of resistance on his part is due to a failure to be informed of the motion.

Courts are reluctant, even in civil cases, to finally dispose of a case other than upon its merits, where it can be avoided with due regard to orderly procedure. So

the enforcement of its own rules are very wisely held to be a matter within its discretion. However, if its rules are to be more than mere figures of speech it would seem that in the instant case, in view of the violation stated and the defendant's apparent lack of interest, the motion of the attorney general has considerable merit. Nevertheless, that motion must be overruled to the extent that it is in conflict with code section 11810 which provides that:

"No assignment of error or joinder in error is necessary in criminal cases taken to the supreme court, but the court shall render such judgment on the record as the law demands."

The evidence upon which these convictions rest was obtained, for the most part, by virtue of a search warrant. The validity of the search of defendant's apartment under that warrant is challenged by appropriate assignments of error. All the facts necessary to a decision of this insistence sufficiently appear in the bill of exceptions. It results that under code section 11810, we must determine the merits of that insistence.

The search warrant adjudged that the offense of unlawfully possessing gambling devices and the offense of gambling is being committed by "John Doe, alias," on premises described as "1476½ Market St. this is upstairs over a cafe known as the Paris Cafe." It directed a search of "No. 1476½ Market St."

Number 1476½ Market St. was upstairs over a cafe. It consisted of five rooms together with what may be called a hall. At the time of this search two of these rooms were rented to defendant Renner. The other three rooms seemed to have been rented to a man by the name of McKinney. It may here be said, parenthetically, that

both parties seemed to make themselves at home all over the place like one big family having a common interest. Therefore, 1476½ Market St. is said to have had two occupants, each in possession of a different apartment. Predicated upon that fact it is insisted by Renner that the description was insufficient to authorize a search of his apartment, because it left to the discretion of the officers the choice as to which of two apartments they would search. In the bill of exceptions it appears that the attorney for Renner stated at the trial to the trial judge that he was relying upon the holding of this Court in *State* v. *Bass*, 153 Tenn. 162, 281 S. W. 936, 937.

In the *Bass Case* it was found that the premises described in the warrant contained three buildings, and it was held that the description was insufficient in that it "left it to the discretion of the police as to which of the three buildings on the lot should be searched." This Court, in apparently sustaining that holding of the lower Court, placed its ruling upon the principle that it enabled the officers to search a building "occupied by strangers to the process." While the text of the opinion in the *Bass Case* does not in so many words say that Bass was expressly named as a party to the process in the warrant under consideration there, the inevitable conclusion from the whole context is that Bass was expressly named in that search warrant as a party to the process, and that it was only the premises occupied by him that it was intended to search; but, however, since the warrant included not only the building occupied by Bass, a party to the process, but also buildings that may have been occupied by others, strangers to the process, it was held that the warrant was not sufficiently specific and the search thereunder invalid.

The warrant in the instant case is easily distinguishable from the warrant in the *Bass Case*, in that in the present case the warrant adjudges that the offenses stated therein are being committed at 1476½ Market St. by "John Doe, alias." The expression "John Doe, alias," is commonly understood in legal parlance to mean an unknown person. Therefore, in the instant case the warrant does not purport to confine the search to only that part of the described premises which is occupied by a specified person, as in the *Bass Case*, but purports to direct a search of all of 1476½ Market St. without regard to what person or persons may separately occupy separate portions of that address. So, it does not give authority to the officer to search an apartment occupied by "strangers to the process" in the sense in which that expression was used in the *Bass Case*. It results that the decription was sufficiently specific, if a search may validly be issued to search a specified premises without naming the person or persons in possession of the premises.

In *Seals* v. *State*, 157 Tenn. 538, 11 S. W. (2d) 879, 880, "the search warrant contained an accurate description of the premises to be searched, but described the offender as 'John Doe, alias.'" It was insisted that the failure to name the person in possession was "a fatal defect". 157 Tenn. at page 543, 11 S. W. (2d) at page 881. This Court called attention to the fact that by code section 11902 the officer may be "commanded to make immediate search on the person of C D [or "in the house of E F," or "in the house situated," describing it, or any other place to be searched, with reasonable particularity, as the case may be], for the following property," describing it. It was held that: "The alternative forms au-

thorized by the quoted language clearly permit the issuance of a warrant for the search of described premises without giving the name of the owner,'' 157 Tenn. at page 544, 11 S. W. (2d) at page 881, and that a search of the premises occupied by him under that warrant was not unlawful.

The *Seals Case* is controlling here. Accordingly, we hold that this John Doe alias warrant directing the search of premises No. 1476½ Market St. validly authorized the search of rooms occupied by plaintiff in error, Renner, in No. 1476½ Market St., notwithstanding the fact that there were other rooms at this address said to be occupied by another person. The evidence obtained by reason of that search was, therefore, competent.

The bill of exceptions shows upon its face that a number of articles evidencing the guilt of Renner of the charges for which he stands convicted, and which were obtained by reason of the search hereinabove referred to, were made exhibits to the testimony of certain witnesses. These exhibits are not in the bill of exceptions. It is apparent from that which is in the bill of exceptions that they are material to a conclusion of the insistence which challenges the sufficiency of the evidence. We think, therefore, that we are precluded from considering the assignments of error directed to that proposition. See *Battier* v. *State*, 114 Tenn. 563, 86 S. W. 711, and *Southern R. Co.* v. *Underwood*, 8 Tenn. App. 142. Perhaps, however, it is not entirely gratuitous to here add that the evidence contained in the bill of exceptions has been carefully read and resulted in the conclusion that it justified the verdict of the jury.

Affirmed.

All concur.