MAY *v.* STATE.

(*Nashville,* December Term, 1950.)

Opinion filed March 9, 1951.

54

MARR & ROSKIN, of Nashville, for plaintiff in error.

KNOX BIGHAM, Assistant Attorney General, for the State.

MR. JUSTICE GAILOR delivered the opinion of the Court.

Defendant was indicted and convicted under Code, Sec. 10949, for obtaining money by false pretense. His punishment was fixed at confinement in the penitentiary for a period of not more than 10 years, and his motion for a new trial having been overruled, he has appealed and assigned errors.

On December 28, 1946, defendant purchased from Roy Simmons, doing business as Simmons Used Cars, in Madison County, a certain automobile for which he agreed to pay $1,150. He gave Simmons a check for $1,150, $548 of which amount was to be applied as a cash payment on the automobile, and the balance of the $1,150 was to be applied to the payment of a pre-existing debt. Simultaneously, he executed a conditional sales contract for the deferred purchase price of the automobile. The check for $1,150 was a forgery and Simmons received no money for the check.

On January 1, 1947, four days later, defendant sold the automobile to a partnership in Wayne County, composed of Albert Barnett and Vernon Barnett. The selling price of the automobile was $750 cash. Defendant represented to the Barnetts that there was no lien, mortgage or encumbrance on the car, and by exhibiting certain papers, induced the Barnetts to believe that defendant had acquired the car from one Ralph L. Jones. Relying on these representations, the Barnetts gave defendant their check for $750, which was paid by the bank. Later, Simmons, who had received no money for the car from defendant, replevied the car from the Barnetts.

Analysis of these transactions of the defendant clearly shows that there were at least three definite and distinct crimes committed by him: (1) Forgery of the $1,150 check, for which defendant was convicted in Madison County, and served a term in the penitentiary; (2) Selling mortgaged property in violation of Code, Sec. 7293; (3) Obtaining money by false pretense, in violation of Code, Sec. 10949. And it is from conviction of this last offense by which defendant secured $750 from the Barnetts, that this appeal is perfected.

56

■ To support the appeal, defendant makes 10 assignments of error, though they are irregularly numbered from 1 to 12, and assignments 6 and 8 are omitted. We refuse to consider these assignments seriatim and individually, since they wholly fail to comply with Rule 14(2) of this Court, 185 Tenn. 867, and do not show specifically, wherein the action complained of is erroneous, or how it prejudiced the rights of the plaintiff in error. For example, assignments 1, 2, 3 and 12, are as follows:

"1. The Court erred in overruling the defendant's plea and motion to dismiss.

"2. The Court erred in overruling the defendant's plea of res adjudicata.

"3. The Court erred in overruling the defendant's motion to quash the indictment."

"12. There is a fatal variance between the proof and the indictment in this cause."

Not only do these assignments fail to comply with our Rule, but no argument is made to support them, and no authority cited to justify them.

■ Assignments 4 and 5 challenge the sufficiency of the evidence to support the conviction. Much of the evidence which led the jury to a conviction was by way of exhibits to the testimony of State's witnesses. These exhibits have been omitted from the record presented to us, and we cannot, therefore, review the evidence since the bill of exceptions is incomplete. *Renner* v. *State,* 187 Tenn. 647, 216 S. W. (2d) 345.

There is no 6th assignment of error.

■ Assignments of error 7, 9, 10 and 11 are overruled. These assignments fail to comply with Rule 14(2), supra, and they are all based on the alleged error of the Trial Judge in permitting Roy Simmons to testify for

the State, because it is alleged that Simmons was a "convicted felon." Such an assignment does not present reversible error, because the fact that would render the testimony inadmissible is not conviction of felony, but judgment of infamy on account of conviction of one of the felonies set out in Code, Sec. 11762. The only felony of which there was any evidence that Roy Simmons had been convicted, was fraudulent breach of trust, which is not listed in Code, Sec. 11762, as an infamous crime. Furthermore, the certified copy of the judgment by which it was proved that Simmons had been convicted, has been omitted from the record and is, therefore, not before us for review. We are compelled, therefore, to presume that the Trial Judge correctly held the evidence of Simmons admissible. *Woods* v. *State,* 47 Tenn. 335; *Wickham* v. *State,* 47 Tenn. 525; *Melton* v. *State,* 22 Tenn. 389; *Yates* v. *State,* 18 Tenn. 549; *Thomas* v. *State,* 109 Tenn. 684, 688, 75 S. W. 1025.

The point which was stressed in argument before us, and that assignment to which most of the argument is devoted, is that defendant was denied a "speedy public trial" in violation of his rights under Art. I, Sec. 9, of the Constitution of Tennessee.

The factual basis for the assignment and supporting argument is as follows:

In March 1947, on account of the sale of the car to the Barnetts, the defendant was indicted under Code, Sec. 7293, for disposing of mortgaged property without consent of the mortgagee. Prosecution on this indictment was held in abeyance during defendant's imprisonment in the penitentiary. A *nolle prosequi* was entered on this indictment under Code, Sec. 7293 on April 5, 1949. There was no prejudice to the defendant by the delay between the indictment and the dismissal, since by the

*nolle prosequi* the Attorney General formally entered of record, a declaration that he would no further prosecute the indictment. *State* v. *Costen,* 141 Tenn. 539, 213 S. W. 910.

■ On September 16, 1949 after defendant's release from the penitentiary, defendant was indicted in the present case under Code, Sec. 10949, for obtaining goods under false pretense, and was tried and convicted on this indictment in December 1949. It is not contended that the delay between the indictment in September and the trial in December, 1949, was unreasonable, but it is contended that the dismissal of the indictment under Code, Sec. 7293, and the subsequent indictment under Code, Sec. 10949 was a subterfuge by which the State sought to avoid the constitutional objection that would have been urged against the trial in 1949, of the indictment returned by the Grand Jury in 1947. *Arrowsmith* v. *State,* 131 Tenn. 480, 175 S. W. 545, L. R. A. 1915E, 363.

Under the rule of *Smith* v. *State,* 168 Tenn. 265, 77 S. W. (2d) 450, the objection of defendant would be valid only if the indictment of 1947 and that of 1949 charged the same offense, or if the indictment of 1949 charged an offense that was not independent of, but a part of the offense charged by the indictment of 1947.

The indictment of 1947 under Code, Sec. 7293 charged defendant with disposing of mortgaged property without the mortgagee's consent, and the indictment of 1949 charged the defendant with obtaining money by false pretense. That these are separate, distinct, and independent offenses, has been specifically held by this Court in *McClure* v. *State,* 174 Tenn. 140, at page 143, 124 S. W. (2d) 240, 241, where, in this connection, GREEN, C. J., held:

"One proposition is that the defendant having been previously indicted and tried on the charge of disposing of mortgaged property in the sale of this black filly to the prosecutor herein, and finally discharged in that case, can not be proceeded against under this indictment charging him with obtaining money under false pretenses in the sale of the same animal to the same prosecutor.

"(1) We think this proposition can not be maintained. The defendant has not been put in jeopardy heretofore for the offense of which he is convicted herein." *McClure* v. *State,* 174 Tenn. 140, 143, 124 S. W. (2d) 240.

Accordingly, we find no merit in the assignment asserting the defendant was deprived of his rights to a speedy public trial, in violation of Art. I, Sec. 9, of the Constitution.

All assignments of error are overruled and the judgment is affirmed.

All concur.