STATE of Tennessee, Appellee,

v.

Jessie Arthur MOORE, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

Nov. 1, 1985.

Permission to Appeal Denied by Supreme Court Jan. 16, 1986.

Richard L. Elliston, Cleveland, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Gordon W. Smith, Asst. Atty. Gen., Nashville, Leonard Mike Caputo, Asst. Dist. Atty. Gen., Cleveland, for appellee.

## OPINION

DWYER, Judge.

The two consecutive sentences of forty years each for committing the offenses of aggravated kidnapping, T.C.A. § 39–2–301, and aggravated rape, T.C.A. § 39–2–603, prompt this appeal of right, T.R.A.P. 3(b), with issues. The issues are: (1) misconduct of a juror; (2) admission of portions of appellant's statement not furnished appellant by the State until the trial date; (3) introduction of part of the appellant's

statement to police allegedly made after he requested an attorney; (4) introduction of an electrical shock device found by defendant's bed; (5) failure of the trial court to charge simple kidnapping; (6) the trial court's instructions to the jury that the second count of the indictment charged appellant with aggravated rape; (7) the court erred in ordering consecutive sentences; and (8) the court erred in finding counsel was not ineffective.

With no direct challenge on the sufficiency of the evidence, it suffices to relate the following found from our review of this transcript. While driving his van on February 14, 1984, the appellant picked up the victim, a Nashville prostitute, upon a paid agreement for sex. In short order, the appellant forcibly chained the victim to a seat in his van and then drove to his trailer in Cleveland. At the trailer, after being threatened, the victim was again chained against her will to appellant's bed and more sexual activity followed. The victim testified that the appellant raped her, and made her perform oral sex. She related that appellant had placed a pistol against her head in the van and had placed the pistol on top of a refrigerator while in the trailer.

The victim escaped when she asked the appellant to take her to the health department on the pretext that she had a venereal disease. When he allowed her to enter that department, the complaint was made to the police with the arrest of appellant following thereafter. The appellant did not testify and offered no proof.

The juror misconduct: The appellant testified at the motion for a new trial that he recognized a juror whom he had previously dated, stating that the juror was biased. The trial court found appellant's testimony to be incredulous, plus an affidavit from the juror reflects no prior knowledge of appellant. This issue is overruled.

■ The appellant's statement issue: Prior to trial, appellant made a discovery request pursuant to Tenn.R.Crim.P. 16(a)(1)(A) for any statement made to the police by him. The statement was not fur-nished by the State until the morning of the trial. The appellant moved to suppress under Tenn.R.Crim.P. 16(d)(2); said motion was denied. The State argues there was no error for the State acted in good faith by producing the statement as soon as it discovered the statement. The State related that appellant's statement and a statement of another witness were stapled in a file together; hence, the State was unaware of the statement. Summed up, the State maintains that it acted in good faith and substantially complied with the statute. We disagree. The State should be more diligent than this and the court erred in not suppressing the statement. However, in view of the overwhelming evidence of guilt, the error is harmless. T.R.A.P. 36(b). This issue is overruled.

■ The third issue: Appellant related to the court that during his prior statement given to police, he had requested counsel. The court therefore ruled that all portions of the statement made after said request were inadmissible. Appellant now advances that the trial court erred in allowing portions of his statement recorded after he requested an attorney into evidence. Specifically, the appellant objected to testimony by a police officer relating what appellant told him about the electrical device found by appellant's bed, on the basis that this part of the statement was made after appellant had requested counsel. The appellant's statement is not found in the transcript and there was no ruling by the court on whether this portion of the statement was made after the request for counsel. In such a state of affairs we will presume the trial court correctly allowed the testimony. *May v. State*, 192 Tenn. 53, 57, 237 S.W.2d 550 (1951). This issue is overruled.

■ The fourth issue: Appellant contends that the trial court erred in allowing into evidence the electrical device and testimony to its use to show the fear of the victim. The victim related that she knew of the use of the device and was consequently in fear of its use. In such circum-

stances, it was relevant. This issue is overruled.

■ The fifth issue: With no evidence to show that the kidnapping offense was other than aggravated, the denial of the request to charge simple kidnapping was not error. *Whitwell v. State,* 520 S.W.2d 338, 343 (Tenn.1975). This issue is overruled.

■ The sixth issue: The second count of the indictment alleged the appellant did "... unlawfully and feloniously accomplish sexual penetration upon Loraine Marie Tresler, by means of force and coercion while *in possession* of a deadly weapon ..." (emphasis supplied). T.C.A. § 39–2–603(a)(1) requires the defendant to be "armed with" a weapon. It is appellant's argument that *in possession* rather than *armed with* does not charge the offense. The count informed the appellant of the offense he was charged with and is therefore sufficient. *See Creswell v. State,* 161 Tenn. 320, 323, 30 S.W.2d 247 (1930). We agree with the State that the terms are synonymous. The State also argues that appellant had constructive possession of the pistol even though it was on the refrigerator at the time he raped the victim in his trailer. *Key v. State,* 563 S.W.2d 184, 188 (Tenn.1978). We agree. While not in his actual possession while he raped the victim, it cannot be argued that he lacked control over the pistol during the event. This issue is overruled.

■ The seventh issue: The record supports the consecutive forty-year sentences. The appellant had two prior felony convictions for rape and clearly under the facts in this case, he had no hesitation about committing a crime in which the risk to human life was high. The trial court found appellant to be a persistent, multiple, and dangerous offender under the guidelines of *Gray v. State,* 538 S.W.2d 391, 393 (Tenn. 1976). With no mitigating factors shown, T.C.A. § 40–35–110, and four enhancement factors present, T.C.A. § 40–35–111(1), (7), (8), (9), the trial court did not abuse its discretion in imposing the maximum sentence for a Range I offender. This issue is overruled.

■ The final issue: The appellant contends that his trial counsel was ineffective. At the motion for new trial, appellant failed to make specific allegations indicating where counsel was ineffective and on this appeal he has again failed to cite specific allegations of ineffectiveness. Without proof of this nature, the issue is without merit. *See Clenny v. State,* 576 S.W.2d 12, 14 (Tenn.Crim.App.1978).

CORNELIUS and DAUGHTREY, JJ., concur.