State vs. Thomas.

No. 6843.

THE STATE vs. JACOB THOMAS.

30 301
47 421

30 301
49 1358

The words "against the peace and dignity of the same" need only conclude those averments in an indictment which are necessary to perfect it as an indictment. The words need not conclude a recital of facts following the essential averments, inserted merely to provide against an apprehended plea of prescription.

Where a party has been indicted and convicted of shooting with intent to murder, and on appeal this court sets the verdict aside, and orders the custody of the accused until the finding of a new bill, the plea of prescription of one year, on the ground that the new bill was not found until after a year from the commission of the offense, will not be maintained.

APPEAL from the Fifth Judicial District Court, parish of East Feliciana. *McVea*, J.

*H. N. Ogden*, Attorney General, for the State.

*W. F. Kernan* for the defendant.

The opinion of the court was delivered by

MANNING, C. J. The defendant was convicted of the offence of shooting with intent to murder, and sentenced 'to three years hard labor, from which he appeals. Two errors are assigned in this court; 1. That the indictment does not conclude, ' against the peace and 'dignity of the same.' 2. The plea of prescription should have been sustained.

The indictment after charging the commission of the offence in the usual formal manner concludes, ' contrary to the form of the statute of the State of Louisiana, in contempt of the authority of said State and against the peace and dignity of the same.' Then follows the statement that a bill of indictment had been previously found, and a trial had under it resulting in a verdict of guilty, which was set aside on appeal, with instructions from this court to hold the defendant in custody to await the finding of a new bill, all of which recitals were made to shew that a bill had been found against the defendant within the year.

The objection of the defendant's counsel is that these recitals vitiate the indictments because they are its concluding words instead of the phrase, ' against the peace' etc. This is not correct. The indictment not only contained the sacramental phrase, but really that phrase concluded it, that is to say, that phrase concluded all the 'necessary averments to make the indictment complete. What followed was not the indictment proper, but a recital of what had previously taken place and which was made to take the offence out of the statute of limitations. The prosecuting officer had to repel the plea of prescription in that way. Bishop's Crim. Proc. 1. vol. sec. 405.

2. An indictment for this offence was found against the defendant and tried within one year after its commission. On appeal the verdict was set aside. The accused was held in custody as ordered by the appellate court for the purpose of awaiting the finding a new bill, and the new bill, being that under which he was convicted and prayed this

appeal, was not found until a year had elapsed from the commission of the offence. The defendant's counsel urges that the plea of prescription should prevail, and cites authority to shew that where the State has entered a *nolle prosequi* and the new prosecution commences beyond the year, or other time of prescription, the plea must prevail.

The State did not enter a *nol. pros.* in this case. There was not a voluntary discontinuance of the prosecution. There was a trial and the verdict and sentence of that first trial were set aside by this court, and very shortly thereafter the new prosecution was commenced. While fully admitting the correctness of the rule invoked by the defendant, that a plea of prescription will prevail against a new prosecution instituted after the lapse of the time fixed by law for its commencement, when the former prosecution has been terminated by a *nolle prosequi* on the part of the State, the same consequences do not follow when the State did not fail to prosecute, but on the contrary proceeded to trial and obtained a conviction of the defendant. The lower court properly overruled the plea of prescription. State v. Walters, 16 Annual, 400.

Judgment affirmed.