197 So. 30

## WALLING v. MOSS.

### 8 Div. 48.

Supreme Court of Alabama.

June 29, 1940.

Brickell & Johnston and Taylor & Taylor, all of Huntsville, for appellant.

88

Lanier, Price, Shaver & Lanier, of Huntsville, for appellee.

FOSTER, Justice.

This is litigation in which reformation is sought of three deeds, all alleged to carry an error in the description of land, resulting from mutual mistake of all the parties.

The land with other tracts was inherited from L. C. Sugg, deceased. In making a division between the several heirs, two of them, Mrs. Lelia Sugg Moss and Harry B. Sugg, were to have three tracts set apart for them separately. A description was quite complicated and long extended. They secured the services of a firm of abstracters and conveyancers in Huntsville.

The tracts of land have been designated for convenience "A", "B" and "C". The deeds which were prepared and executed described "C" in the deed to Mrs. Moss, and "A" and "B" in that to Harry Sugg; whereas it was intended, as Mrs. Moss and Harry Sugg both admit, that Mrs. Moss was to have "A", and that Harry Sugg was to have "B" and "C". "A" was half mile northwest of the northwest corner of "B", and across a community called Toney from it, and contained 105.19 acres: "B" had approximately 90 acres, and "C" was to the southeast of "B", so that its northwest corner was the same as the southeast corner of "B", and "C" contained 81.29 acres. These deeds were executed on April 30, 1936, and immediately Mrs. Moss took possession of tract "A" (though her deed called for "C"), and rented it to a tenant who had possession, lived on it and cultivated it in 1936 and 1937, and to another tenant in 1938. And Harry Sugg took possession of tracts "B" and "C" (though his deed called for "B" and "A").

In January, 1937, Harry Sugg sold his land to respondent Walling, and executed a deed describing tracts "B" and "A", as the deed to him had done. There was a mortgage on tracts "B" and "C" to the Federal Land Bank, which Harry Sugg assumed, which was excepted in the warranty of the deed to Walling. Tract "A" was not included in that mortgage.

The controversy here is between Mrs. Moss and Walling. When Walling bought from Harry Sugg, Mrs. Moss was in possession by a tenant of tract "A". Walling in fact took possession of "B" and "C" by a tenant. "C" was in the main woodland, with about fifteen acres in cultivation, which his tenant cultivated, and he permitted the timber to be freely cut on the balance. Mrs. Moss discovered the error in 1938, and had the abstracter who made the division seek to have it corrected. After negotiation, Walling declined to correct it, but advanced money to cause the tenant of Mrs. Moss to move on to his own place, and to be relieved of rent on such place, whereupon Walling at once put a tenant on tract "A", and this suit resulted in which the court found that there

was a mutual mistake in the deed including that to Walling, and ordered them all reformed. From that decree Walling appeals.

The evidence is to the effect that in 1936 Mrs. Moss went into possession of tract "A" by renting it to a tenant, and likewise in 1937 the same tenant rented it from her and cultivated it. So that when, in January, 1937, Walling made his purchase, tract "A" was in the possession of Mrs. Moss. It also satisfactorily appears that Walling did not intend to buy the tract so indicated, did not inspect it himself or by agent, and that he and Harry Sugg agreed upon a sale of tracts "B" and "C," which were embraced in the mortgage to the Federal Land Bank, and of which Harry Sugg had possession, and which did not include tract "A"; but that the deed to him was of tracts "A" and "B", because the description was taken from the deed to Harry Sugg which erroneously included "A".

We need not here consider the right of complainant to have the deed from Harry Sugg to Walling corrected since no such point is made, and for the further reason that if the right of complainant to the reformation of the deed to her is not curtailed on account of the purchase by Walling as a bona fide purchaser for value, the reformation of her deed would serve to sever any rights of Walling to tract "A", and he would be rather benefited by having his deed include tract "C", which he really purchased. We make this observation in the light of one of our cases—Tillis v. Smith, 108 Ala. 264, 267, 19 So. 374.

In order to deprive complainant of her right to reformation, it is necessary that Walling show that he purchased tract "A" for value; when so, complainant must prove notice to him of her equity, either actually or constructively.

We think in both aspects the evidence is against Walling. Though his deed calls for tract "A", we think the evidence shows that he did not intend to purchase it, but intended to purchase tract "C" instead of "A". That would prevent him from being a purchaser for value of tract "A", though his deed so recites. 53 Corpus Juris 984, note 51.

The possession of tract "A" by Mrs. Moss through a tenant was constructive notice of her claim upon the idea that had Walling inquired of her tenant he would have ascertained that she had a claim to it, the nature of which he could have ascertained then from her. Brunson v. Brooks, 68 Ala. 248; Pique v. Arendale, 71 Ala. 91; Vandiveer v. Stickney, 75 Ala. 225; Tutwiler v. Montgomery, 73 Ala. 263; Price v. Bell, 91 Ala. 180, 181, 8 So. 565; 66 Corpus Juris 1177, sec. 1022.

It is our interpretation of the evidence that Mrs. Moss put the tenant in possession. There is certainly no claim that he had been a tenant of Harry Sugg. There is no application of the principle declared in the following cases: Griffin v. Hall. 111 Ala. 601, 20 So. 485; Bynum v. Gold, 106 Ala. 427, 17 So. 667; Troy v. Walter Bros., 87 Ala. 233, 6 So. 54; King v. Paulk, 85 Ala. 186, 4 So. 825.

There is no error in the decree prejudicial to appellant of which he is here complaining.

Affirmed.

GARDNER, C.J., and BOULDIN and LIVINGSTON, JJ., concur.