HASKINS *et al. v.* STATE.

*(Nashville,* December Term, 1942.)

Opinion filed January 11, 1943.

W. H. CROWELL, of Shelbyville, for plaintiffs in error.

NAT TIPTON, Assistant Attorney-General, for the State.

Mr. Justice DeHaven delivered the opinion of the Court.

This is an appeal by McKinley Haskins from a conviction for petit larceny. It is contended that the trial court erred in overruling defendant's motion to quash the indictment upon the ground, among others, that the indictment did not conclude with the words, "against the peace and dignity of the State of Tennessee." The indictment does conclude with the words, "against the peace and dignity of the State." Section 12, Article VI, of the Constitution of Tennessee provides in part, as follows: "Indictments shall conclude, 'against the peace and dignity of the State.'" The indictment in this case is, therefore, in strict compliance with the constitutional requirement. Section 11623 of the Code provides that indictments shall conclude "against the peace and dignity of the State of Tennessee." In adding the words "of Tennessee," the Legislature went beyond the constitutional requirement, and the added words must, therefore, be construed as merely directory and not mandatory. *Grover C. Reed* v. *State,* (unpublished opinion) Knoxville term, 1941. In the case of *Paul Stallings* v. *State,* September term, 1933, in an unpublished opinion of this court, among other things, it was said: "This indictment meets the constitutional requirement because it concludes 'against the peace and dignity of the State,' and these words are synonomous with and impart the same meaning as the conclusion 'against the peace and dignity of the State of Tennessee,' which is the only sovereignty that exercises criminal jurisdiction through the courts of Knox County. The omission of the words 'of Tennessee' could not therefore impair the validity of the indictment."

Our conclusion is that the trial judge did not err in overruling defendant's motion to quash the indictment. We have filed a separate opinion, not for publication, dealing with the other questions made on the appeal and finding them to be without merit. The result is that the judgment of the trial court must be affirmed.