IRVIN D. BURTON and FOSTER BRANDON, Plaintiffs in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

377 S. W. 2d 900.

(*Knoxville,* September Term, 1963.)

Opinion filed March 5, 1964.

Petition for Rehearing Denied April 8, 1964.

10

ARMSTRONG & SANTORE, Greeneville, for plaintiffs in error.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the Court.

The plaintiffs in error, hereinafter referred to as defendants, were convicted of burglary and larceny. Each defendant was sentenced to confinement in the State Penitentiary for not less than three years nor more than ten years for the offense of burglary, and each was sentenced to serve not less than three years nor more than five years for the offense of larceny, the sentences to run concurrently. The defendants were given credit for the time held in custody on these charges. In addition to the sentence imposed upon the defendants, a judgment in the amount of $1,661.04 was rendered against each of the defendants pursuant to T.C.A. secs. 40-2716 and 40-2717, that being the amount fixed by the jury as the value of property stolen and destroyed by the defendants. The defendants duly filed their motion for a new trial and have perfected their appeal in this Court and assigned errors.

While there are no assignments of error relating to the weight of the evidence, we briefly state the facts which gave rise to the prosecution. On the night of February 17, 1956, the Anderson Super Market in Greeneville, Tennessee was burglarized. A safe in the store was opened by the use of drills and other tools. In excess of

$1,100.00 in money was taken from the safe. Several tool marks were left on the safe. A 1956 Pontiac automobile, with Indiana license plates, was noticed by a police officer of Greeneville at about 1:35 A.M., on February 18, 1956, and again at about 4:00 A.M., that morning. This car was gone when the officer went to check it again before going off duty about 7:00 A.M. Another police officer had seen this same car between 9:00 and 10:00 P.M., on February 17, 1956 about five or six hundred yards from the super market. The defendant, Foster Brandon, was in the car at that time together with another person that the officer could not identify.

The defendants were apprehended in Indiana during the afternoon of February 18, 1956 by an Indiana state policeman, who had received a description of the automobile and other information over the radio in his patrol car. A number of items were taken from the automobile which were later identified with the burglary. Tool marks found on the safe were determined to have been made by tools and drills found in the defendants' automobile. Other evidence connecting the defendants with the crime was found. A total of $1,141.00 was found concealed in the automobile.

On March 1, 1956 the defendants were convicted of a criminal offense in the state of Indiana and were confined there until August 21, 1956, when they were released on bond pending their appeal from that conviction. The defendants remained in Indiana on bond until July 5, 1957, when they went to Maryland. The record does not show when their Indiana conviction was affirmed. The defendants were arrested by the Federal Bureau of Investigation in Maryland and returned to Indiana on August

23, 1958. They were confined in prison in Indiana from that date until August 31, 1962. The indictment in the case before the Court was returned by the Greene County, Tennessee, Grand Jury on September 5, 1962. The defendants resisted extradition from shortly after their release from the Indiana penitentiary until February 1963, when they were returned to Tennessee. The trial of this case commenced on May 15, 1963.

The defendants filed a plea in abatement in the Trial Court asserting, among other things, that they were denied a speedy trial, as guaranteed by the Sixth Amendment to the United States Constitution and Article 1, Section 9 of the Constitution of Tennessee.

██ The first two assignments of error complain of the action of the Trial Court in holding defendants' constitutional right to a speedy trial was not violated. From what has been stated above, it is apparent that from a few days following the burglary of the Anderson Super Market until September 1, 1962 the defendants were either confined in a penal institution in Indiana or were on bail pending their appeal from a conviction in Indiana, or were fugitives from the Indiana authorities. Tennessee had no absolute right to extradite defendants under such circumstances. The executive power of the asylum state has the right to determine whether or not a person charged with a crime in that state as well as in another state shall be held in the asylum state until he has completed serving his sentence there. *State ex rel. Brown v. Grosch,* 177 Tenn. 619, 152 S.W.2d 239.

In *Raine v. State,* 143 Tenn. 168, 226 S.W. 189, this Court held that a defendant was not denied his right to a speedy trial under the following facts: The defendant

was indicted February 10, 1914. He was incarcerated in a federal penitentiary on February 8, 1915, and was released from the federal penitentiary October 17, 1918. The trial was held in the State Court June 30, 1919. In holding that the defendant was not denied his constitutional right to a speedy trial under the circumstances, the Court, at Page 183 of 143 Tenn., at page 194 of 226 S.W., stated:

"It is finally, however, insisted by counsel for the defendant that the state, had it attempted so to do, could have secured the defendant from the federal prison and put him to trial in Tennessee on the ground that the comity existing between different sovereignties would have warranted and sanctioned this course. We have been cited to no authority which even by analogy so holds, but the uniform rule with reference to one state turning over a prisoner held for violation of its laws, and prior to the expiration of his sentence, for trial·in the demanding state, has been to the contrary. *Matter of Troutman*, 24 N.J.Law, 634; *Taintor v. Taylor*, 36 Conn. 242, 4 Am. Rep. 58; *Ex parte Rosenblat*, 51 Cal. 285; Spear on Extradition, 442; Clark's Criminal Procedure, 63."

Furthermore, it is stated in 22A, C.J.S. Criminal Law sec. 467(4), at Page 26:

"The point of beginning of the time for bringing accused to trial is the commencement of the prosecution against him or the beginning of the time for bringing accused to trial is the date of arrest."

Our own case of *May v. State*, 192 Tenn. 53, 237 S.W.2d 550, is cited as authority for the above quoted text. In the May case, the accused was not indicted for the offense

of which he was convicted until after he had served a sentence for another crime committed at about the same time as the crime for which he was convicted in that case. The Court held on such facts that accused was not denied his right to a speedy trial.

■ This Court has defined the right to a speedy trial in *Arrowsmith v. State,* 131 Tenn. 480, 175 S.W. 545, L.R.A.1915E, 363 as follows:

"A 'speedy trial,' so guaranteed, means a trial *as soon after indictment* as the prosecution can, with reasonable diligence, prepare for it, without needless, vexatious, or oppressive delay, having in view, however, its regulation and conduct by fixed rules of law, any delay created by the operation of which rules does not in legal contemplation work prejudice to the constitutional right of the accused." (Emphasis supplied)

The assignments of error by which defendants contend they were denied their constitutional right to a speedy trial are overruled.

■ By assignment of error number three, defendants contend the Trial Court committed error in not allowing defendants to cross examine the prosecutor, the Chief of Police of the City of Greeneville, who appears to be the only witness who testified before the Grand Jury, in an effort to show substantial portions of his testimony were hearsay. This same contention was made in the third ground of the plea in abatement filed by these defendants.

This identical question was before the Supreme Court of the United States in *Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397, in which that Court stated:

16

"We granted certiorari in this case to consider a single question: ' "May a defendant be required to stand trial and a conviction be sustained where only hearsay evidence was presented to the grand jury which indicted him?" ' " 350 U.S. at 359, 76 S.Ct. at 406, 100 L.Ed. 397.

In that case, upon being indicted, the defendant promptly filed a motion for inspection of the minutes of the Grand Jury and for a dismissal of the indictment, which motion was supported by affidavit that there could have been no competent evidence before the Grand Jury that indicted him. This motion was denied. In reviewing the case, the United States Supreme Court pointed out that neither the Fifth Amendment to the Federal Constitution nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act. At 363 and 364 of 350 U.S., 408 and 409 of 76 S.Ct., 100 L.Ed. 397, that Court held:

"If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. * * * An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. * * *

" * * * In a trial on the merits, defendants are entitled to a strict observance of all the rules designed to bring

about a fair verdict. Defendants are not entitled, however, to a rule which would result in interminable delay but add nothing to the assurance of a fair trial.''

The defendants, in their brief, rely upon *Walker v. State,* 197 Tenn. 452, 273 S.W.2d 707, in support of this assignment. In that case, the Trial Judge overruled a motion to quash the indictment on the ground that the indictment showed on its face that only one witness testified before the Grand Jury and that this witness could not have had any personal knowledge of the offense. In holding that the validity of the indictment could not be questioned by a motion to quash because the alleged defect did not appear on the face of the record, this Court, speaking through the present Chief Justice, was careful to state twice on Page 459 of 197 Tenn., 273 S.W.2d 707, that ''The irregularity, *if any,*'' (emphasis supplied) did not appear on the face of the record. The Court, in that case, did not hold that a defendant on a plea in abatement could try an issue as to the character and legal admissibility of the testimony on which the Grand Jury acted. In 31 A.L.R., 1479, it is stated:

''In the majority of jurisdictions the rule obtains that the court will not inquire into the legality or sufficiency of the evidence on which an indictment is based, even if it is averred that the indictment was found without any legal evidence being produced before the grand jury.''

See also 59 A.L.R., 573, 579; 42 C.J.S. Indictments and Informations sec. 209, Page 1194; and Underhill's Criminal Evidence, 5th Ed. (1956) Vol. 1, Sec. 76, Page 129.

This Court, in *Mendolia v. State,* 192 Tenn. 656, 241 S.W.2d 606, stated:

"It is true that Davis was the only one who could give direct testimony that he was the owner of the stolen property. But his failure to appear before the grand jury does not have the effect of invalidating the indictment, inasmuch as the crime of robbery was easily established by other testimony."

In passing upon the same question raised by this assignment of error, the Kentucky Court, in *Harrell v. Commonwealth*, (Ky.) 328 S.W.2d 531, at page 532, stated:

"He complains that the testimony was not sufficient to warrant the return of an indictment. The legality and sufficiency of evidence heard by a grand jury is not subject to review in this Court."

In *Clark v. State*, 240 Ala. 65, 197 So. 23, in holding that the Trial Court was not in error in sustaining a demurrer to a plea in abatement filed upon the ground that hearsay testimony was introduced before the Grand Jury, the Court stated:

"The grounds of the motion to quash and the plea (in abatement) go to the sufficiency of the evidence before the Grand Jury that returned the indictment. All of the authorities agree that such grounds are not well taken." 197 So. 30.

It was on the hearing on the plea in abatement that the Court refused to allow defendants to examine the prosecutor as to the extent of his personal knowledge of the offenses charged. This witness testified when the case was heard on its merits and demonstrated that he, of his own knowledge, knew ample facts to establish the offenses. The assignments of error relating to the character of evidence heard by the Grand Jury are overruled.

■ By other assignments of error, the defendants contend the indictment is invalid because it does not conclude with the words "against the peace and dignity of the State" as required by Article 6, Section 12 of the Constitution of Tennessee and by T.C.A. sec. 40-1801. The indictment is in three counts. Insofar as the question now being considered by the Court is concerned, each of the counts contains the same language. We quote count number two as follows:

"The Grand Jurors for the State and County aforesaid, upon their oath present and say that Irvin D. Burton and Foster Brandon on or about the 18 day of February, 1956, in the State and County aforesaid did unlawfully and feloniously take, steal and carry away the following described personal property to-wit: $1186.04 in lawful money of the United States, the property of William E. Anderson, Fred R. Anderson, Eura Anderson, Ethel Anderson, Duke and Henry P. Anderson, with the felonious intent to deprive the true owners thereof

"Against the peace and dignity of the State of Tennessee, the defendants left the State of Tennessee a short time after said offense and have remained absent from this state for more than five years."

In *Haskins v. State,* 179 Tenn. 441, 167 S.W.2d 331, the indictment concluded "against the peace and dignity of the State". The statute, T.C.A. sec. 40-1801, provides that indictments shall conclude "against the peace and dignity of the State of Tennessee". The Court held "In adding the words 'of Tennessee,' the legislature went beyond the constitutional requirement, and the added words must, therefore, be construed as merely directory and not mandatory."

In *Hooper v. State,* 205 Tenn. 246, 326 S.W.2d 448, only the second count of a two count indictment concluded with the words "against the peace and dignity of the State." The case was tried exclusively on the first count, and the second count was not read to the jury. In sustaining the validity of the indictment, the Court stated:

"Before discussing the facts, we will dispose of assignments 1, 6 and 18. They are predicated on the false assumption that each count of an indictment must conclude 'against the peace and dignity of the State' (Art. VI, Sec. 12, Tenn.Const.), but such is not the law. *Rice v. State,* 1871, 50 Tenn. 215."

As stated, each count of the indictment in the case now before the Court contains the words "against the peace and dignity of the State of Tennessee". The contention of the defendants is that the addition of the words which prevent the prosecution from being barred by the statute of limitations, T.C.A. sec. 40-203, renders the indictment invalid.

This same contention was made before the Louisiana Court in *State v. Thomas,* 30 La.Ann. 301. In that case, the first error assigned was "that the indictment does not conclude, 'against the peace and dignity of the same.' " In disposing of this assignment, the Court stated:

"The indictment after charging the commission of the offence in the usual formal manner concludes, 'contrary to the form of the statute of the State of Louisiana, in contempt of the authority of said State and against the peace and dignity of the same.' Then follows the statement that a bill of indictment had been previously found, and a trial had under it resulting in a verdict of

guilty, which was set aside on appeal, with instructions from this court to hold the defendant in custody to await the finding of a new bill, all of which recitals were made to shew that a bill had been found against the defendant within the year.

"The objection of the defendant's counsel is that these recitals vitiate the indictments because they are its concluding words instead of the phrase, 'against the peace' etc. This is not correct. The indictment not only contained the sacramental phrase, but really that phrase concluded it, that is to say, that phrase concluded all the necessary averments to make the indictment complete. What followed was not the indictment proper, but a recital of what had previously taken place and which was made to take the offence out of the statute of limitations. The prosecuting officer had to repel the plea of prescription in that way. Bishop's Crim.Proc. 1, vol. sec. 405."

We agree with the reasoning of the Louisiana Court. By holding that the words "against the peace and dignity of the State" need not conclude each count of an indictment, Tennessee is aligned with those states which hold that a substantial compliance with the constitutional requirement as to the form of conclusion of an indictment is all that is required. The assignments relating to the form of the indictment are not well taken and are overruled.

By the final assignment of error, defendants attack the validity of the judgment rendered against them in this cause pursuant to T.C.A. sec. 40-2716 and sec. 40-2717 upon the ground that the petition for extradition under which they were returned to Tennessee stated "the

requisition for the aforesaid fugitives is not sought for the purpose of collecting a debt, or enforcing a civil remedy or to answer any other private end whatsoever''.

■■ The technical record discloses that after the jury returned its verdict in the criminal prosecution ''the cause came further on to be tried upon the issue of restitution pursuant to the provisions of T.C.A. sec. 40-2716 and T.C.A. sec. 40-2717, and after hearing the proof introduced by the State and the aggrieved parties,'' etc. The testimony heard upon this subsequent hearing is not preserved in the bill of exceptions. We must, therefore, presume there was ample evidence to support the money judgment which was rendered. The defendants cite no authority for their contention that the statements in the petition for requisition render inapplicable the provisions of T.C.A. sec. 40-2716 and sec. 40-2717. Had the defendants been forceably returned to this state without legal extradition, it would not have prevented their prosecution. *Ker v. People of State of Illinois,* 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421. By analogy, we see no reason why those whose store was burglarized by the defendants should not be entitled to the benefit of the statutes above referred to.

It results that all of the assignments of error are overruled, and the judgment of the Trial Court is affirmed.

### Opinion on Petition to Rehear

Counsel for the defendant have filed a petition to rehear in which no new argument is made, no new authority adduced and no material fact is pointed out as overlooked. We have fully considered all of the contentions of the

defendant which are restated in the petition to rehear and have found them without merit. Therefore, pursuant to Rule 32 of Rules of this Court, 209 Tenn. 806, the petition to rehear is denied.