The State of Alabama brought an action for declaratory judgment against several defendants, including the appellants, Vivean *Page 1072 
E. Reid and Roberta C. Reid, asking that the court determine the ownership of various parcels of land on Mobile Bay in the City of Mobile, in an area known as "Garrows Bend." The Reids own a parcel of land shown on a plat introduced at trial as Parcel J, more particularly described as Lots 13 and 14 of the Resurvey of Block 3, Bay Side Addition, and that Portion of Parcel Y which is formed by an extension eastwardly to Mobile Bay of the North and South lines of Lots 13 and 14. For convenience, a copy of the map referred to by the parties and the court is reproduced and made a part hereof. (Exhibit "A" appended)
The map, which the court below utilized in writing its decree, shows, just to the East and South of Bay Shell Road, a line which is marked as "Natural Accretion Line." To the East and South of this line, the court's decree holds that all lands are the result of man-made or filled land, and not the result of natural accretion; and, with respect to the claim of the Reids, that they do not own any portion of the man-made lands. The decree holds that the title to all of the man-made lands lying North of a line extending on a bearing South 41 degrees, 31 minutes, 1 second East from a point formed by the intersection of the East line of Bay Shell Road and the North line of Bay Avenue is vested in Herndon and Weller; and that the State of Alabama is the true and lawful owner of that portion of Parcel Y or 1 Y lying southwardly of the same line.
The Reids appealed and contend that they are the lawful owners, as against the claim of the State and Herndon and Weller to all of the property claimed in their answer and shown on the map as 1 J. They also claimed all of the property shown as parcel 1 Y on the map which is formed by an extension eastwardly to Mobile Bay of the North and South lines of Lots 13 and 14 of the Resurvey of Block 3, Bay Side Addition, etc.
The trial court made the following findings of fact:
"The real property which is the subject of this litigation is identified as Parcel 1 Y in the complaint, and is situated on the margin of Mobile Bay in the area known as Garrows Bend, in Mobile County, Alabama, and is more particularly described as follows:
"PARCEL 1 Y:
 "Beginning at the intersection of the Easterly projection of the centerline of Parham Street and the East line of Bay Shell Road, thence South 38 degrees 30' 18" East a distance of 1170 feet, more or less, to a point on the Mean High Tide Line; thence Northwestwardly along the Mean High Tide Line a distance of 1140 feet, more or less, to a point; thence Southeastwardly along the Mean High Tide Line a distance of 400 feet, more or less, to a point; thence Northwestwardly along the Mean High Tide Line a distance of 490 feet, more or less, to a point; thence Southeastwardly along the Mean High Tide Line a distance of 700 feet, more or less, to a point; thence in a South and West direction along the Mean High Tide Line a distance of 250 feet, more or less, to a point; thence North 38 degrees 30' 18" West a distance of 540 feet, more or less, to a point on the East line of Bay Shell Road; thence North 46 degrees 48' 05" East along the East line of Bay Shell Road a distance of 418.8 feet to the Point of Beginning. Said parcel contains 7.56 acres, more or less.
"A justiciable controversy exists as to the ownership of said parcel of land.
"The original shoreline of the property included in said Parcel 1 Y was and is approximately 5 to 10 feet Eastwardly of and parallel to that portion of the East line of Bay Shell Road between the extensions Eastwardly of the North line of Bay Avenue and the centerline of Parham Street. The Eastward limit of natural accretion (which is the result of a slow, gradual and imperceptible addition to the shoreline resulting from natural forces) extending from said original shoreline is the meandering, broken line shown on Exhibit `A' attached to and made a part of this decree. *Page 1073 
"All land above mean high tide lying Eastwardly of said natural accretion line is man-made and resulting from artificial accretion as distinguished from natural accretion.
"A fair, reasonable and equitable apportionment of the riparian rights among the owners of the uplands bounded by said original shoreline is accomplished by fixing the boundary lines of riparian ownership as follows:
 "(a) A line extending on a bearing South 39 degrees 11' 59" East from the intersection of the East line of Bay Shell Road and an extension Eastwardly of the centerline of Parham Street, to the margin of Mobile Bay, a distance of 1170 feet, more or less.
 "(b) A line extending on a bearing South 41 degrees 31' 01" East from the intersection of the East line of Bay Shell Road and the North line of Bay Avenue, to the margin of Mobile Bay, a distance of 605 feet, more or less.
"Neither Defendants, Robin C. Herndon, III (`Herndon') and T.C. Weller, Jr. (`Weller') nor any of their predecessors in title made, caused to be made, consented to or participated in the making of, or were compensated by the makers of or for the making of, any of the man-made or artificially accreted lands lying between the boundaries formed by the lines described in (a) and (b) hereinabove (the `riparian boundary lines'); the same being true with respect to the Defendants, Freeman Wrecking Co., Inc., Marguerite McCoy Odom, Florence L. Jackson and Jerome Jackson.
"Defendants, Vivean E. Reid and Roberta C. Reid, or their predecessors in title, actively created or participated in or consented to the creation of the man-made or artificially accreted lands within the boundaries formed by extensions eastwardly to the margin of Mobile Bay of the North line of Lot 13 and the South line of Lot 14 of Block 2 of Bay-Side Addition as resurveyed, as shown on said Exhibit `A'. Defendants, Rhodie H. Larson and Mamie Larson, or their predecessors in title, actively created or participated in or consented to the creation of the man-made or artificially accreted lands within the boundaries formed by extensions Eastwardly of the North and South lines of Lot 12 of said Block 2 of Bay Side Addition as resurveyed as shown on said Exhibit `a'."
Based on these findings, the trial court entered the following decree:
". . .
"The Court hereby determines that a justiciable controversy exists as to the ownership of the certain real property in Mobile County, Alabama, described as Parcel 1 Y and more particularly described hereinabove in this Final Decree, and this Court has the jurisdiction of said real property and of the parties to this proceeding for the purpose of establishing the title to, interest in and right to possession of said parcel of land and for the purpose of clearing up all doubts and disputes concerning the same.
"Defendants, Robin C. Herndon, III and T.C. Weller, Jr. are the true and lawful owners of all of the Parcel 1 Y as hereinabove described, except that portion of said Parcel 1 Y lying Southwardly of a line extending on a bearing South 41 degrees 31' 01" East from a point formed by the intersection of the East line of Bay Shell Road and the North line of Bay Avenue, as shown on Exhibit `A' attached to and made a part of this decree.
"The State of Alabama is the true and lawful owner of that portion of Parcel 1 Y as the same is hereinabove described, lying Southwardly of a line extending on a bearing South 41 degrees 31' 01" East from a point formed by the intersection of the East line of Bay Shell Road and the North line of Bay Avenue, as shown on Exhibit `A' attached to and made a part of this decree.
"The title and interest of said Herndon and Weller is subject to a certain vendor's lien reserved in a deed dated May 28, 1968 from Charles A. Dumas, Jr. to Irving R. Deakle recorded in Real Property Book 934, *Page 1074 
Pages 295-297 of the Probate records of Mobile County, Alabama, which said lien is presently held by Teresa Beatrice Dumas and Leaster Dumas Warrick, as Trustees.
"None of the following named Defendants have any title to, interest in, claim or lien or encumbrance upon any part of said Parcel 1 Y, namely: Rhodie H. Larson, Mamie Larson, Vivean Reid, Roberta C. Reid, Marguerite McCoy Odom, Florence L. Jackson, Jerome Jackson, Board of Water and Sewer Commissioners of the City of Mobile, the City of Mobile, Freeman Wrecking Company, Inc., The First National Bank of Mobile, as Trustee under that certain Revocable Trust Agreement between it and Joseph G. Espalla dated May 14, 1967 and last amended on October 4, 1972, Peter G. Herndon, and Southeastern Materials, Inc.
"The cost of recordation of this decree shall be taxed against Robin C. Herndon, III and T.C. Weller, Jr., all other cost have been prepaid."
The Reids argue that the trial court erred in holding that the State is the true and lawful owner of a portion of Parcel 1 Y; that defendants Herndon and Weller are the true and lawful owners of all Parcel 1 Y, except that portion owned by the State; and erroneously apportioned the riparian rights among the owners of the uplands.
It has long been settled that the State of Alabama has title to the submerged lands in navigable waters; and that the owner of the "fast" or "upland" may not acquire title by filling the land. Chamberlain v. Board of Comm., 243 Ala. 662, 11 So.2d 724
(1943); United States v. Oregon, 295 U.S. 1, 55 S.Ct. 610,79 L.Ed. 1267 (1934); New York Power Light Corp. v. State,230 App. Div. 338, 245 N.Y.S. 44 (1930); Martin v. Busch, 93 Fla. 535, 112 So. 274 (1927); Mobile Trans. Co. v. Mobile,187 U.S. 479, 23 S.Ct. 170, 47 L.Ed. 266 (1902); Shively v. Bowlby,152 U.S. 1, 14 S.Ct. 548, 38 L.Ed. 331 (1893); Pollard v. Hagan, 3 How. 212, 11 L.Ed. 565 (1845); Mayor, etc. of Mobile v. Eslava, 9 Port. (Ala.) 577, 33 Am.Dec. 325 (1840).
This question was reexamined by the Fifth Circuit Court of Appeals in United States v. Turner, 175 F.2d 644, 647 (5th Cir. 1949). There the court held:
 ". . . That loss of land by erosion and its gain by natural accretion do affect the title of owners of fast land is conceded by all [Greenfield v. Powell, 218 Ala. 397, 118 So. 566 (1928); Philadelphia Co. v. Stimson, 223 U.S. 605, 32 S.Ct. 304, 56 L.Ed. 570
(1911); Abbot's Ex'r v. Doe, 5 Ala. 393 (1843)], and that if the lands taken had been added by natural accretion to appellee's fast land, he would have been entitled to it and to be paid for it, there is no doubt. Neither is there any that he may not by artificial filling of submerged land acquire the title from the State. [City of Mobile v. Sullivan Timber Co., 129 F. 298 (5th Cir. 1904)]"
The court correctly stated Alabama law in the Turner case. Those principles are dispositive of the Reids' contentions that the trial court erred in its holding that title to the property filed in by the Reids' predecessors in title was in the State. The cases clearly so hold.
The trial court found that neither Herndon or Weller, nor any of their predecessors in title, had made, caused to be made, or consented to or participated in the making of the artificially accreted lands adjacent to their property. Under these circumstances, this court held in State v. Gill, 259 Ala. 177,66 So.2d 141 (1953), that, as between the State and the upland owner, the man-made land becomes the property of the riparian or littoral owner.
We have carefully considered every argument advanced for reversal and conclude that the decree of the trial court is due to be and the same is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur. *Page 1075 
 APPENDIX
[EDITORS' NOTE: EXHIBIT A IS ELECTRONICALLY NON-TRANSFERRABLE.] *Page 1076