BEATTY, Justice.
This case involves a declaratory judgment action brought by the State of Alabama, acting by and through the Alabama State Docks Department, an agency of the State, as plaintiffs, against Mr. Vivean M. Reid, Roberta C. Reid, Southeastern Materials, Inc., a corporation, the City of Mobile, and the First National Bank of Mobile. Only the Reids and Southeastern Materials, Inc. are involved in this appeal.
The complaint sought a declaration on the ownership of certain land in Mobile County known as “Garrows Bend” which lies on the western shore of Mobile Bay.
Previously the State had brought a declaratory judgment action to determine ownership of some parcels of land adjacent to the property in question. Reid v. State, Ala., 373 So.2d 1071 (1979). In that case this Court held that title to any man-made or filled land made by an upland owner belongs to the State of Alabama. The effect of that decision, as well as the claims of the parties in this case can be seen by examining Map 1, which is attached hereto.
The complaint in the instant case alleged that a controversy existed between the State of Alabama, the Reids, and Southeastern in that the State claimed to own all of Parcel 1-J shown on Map 1, and that the Reids contended that title to Parcel 1-J vested in them since Parcel 1-J was the result of a slow, gradual, and imperceptible addition to the shoreline which is commonly referred to as accretion, or alternatively that even if the land was artificial or man-made that it was not made by the Reids nor with their permission and consent, and thus belonged to them. The complaint also alleged that Southeastern was reputed to or did claim an interest in Parcel 1-J. The State sought by its complaint to have the court determine the respective owners of the land in Parcel 1-J.
At or about the same time, the State filed similar declaratory judgment actions against several other landowners in the area, including Rhodie H. and Mamie Larson, who claimed ownership of the property in Parcel 1-H, and Southeastern, which claimed ownership of the property in Parcels 1-K, and 1-L, Map 1. All of these cases were consolidated for trial. Following a trial, the trial court entered its final decree which established a natural accretion line, beyond which all property was awarded to the State, and determined the ownership of the various parcels of property. The effect of this decree can be seen by examining Map 2 which is attached to this opinion. Notice that this decree shifted the property line of the Larsons into the property claimed by the Reids (Parcel 1-J).
The Reids filed a motion to alter, amend or vacate, or in the alternative for a new *669 trial, claiming that Southeastern was awarded property that the Reids are entitled to receive. The motion was denied. The Reids then appealed. Following the filing of this appeal, Southeastern filed a motion for modification of the record and an order for supplemental record pursuant to Rule 10(f), ARAP, which was granted. The Reids have filed a motion to strike the modification of the record and the order for the supplemental record, and this Court is to rule on that motion. We hold that the motion was properly granted and affirm.
At the trial the State and the Reids entered into a stipulation that the testimony of Mr. Reid, which was made in an earlier related case, be admitted into evidence. Mr. Reid’s testimony was that he got title to the property in Parcel 1-J pursuant to a warranty deed from Mary E. Williamson in 1973. Mr. Herndon, a principal in Southeastern, testified that any interest Southeastern had in any of the property in question came from a quitclaim deed covering Parcels 1-J, 1-K, and 1-L, which was given to them by Mary E. Williamson in 1976. He also testified that Southeastern knew about the warranty deed to the Reids at the time it took the quitclaim deed. Clearly there was a substantial overlap in the property deeded by warranty deed from Mrs. Williamson to the Reids and the property covered by the quitclaim deed to Southeastern. It should be noted, however, that although the quitclaim deed covered Parcel 1-J, at no time did Southeastern claim title to that section. It claimed only Parcels 1-K and 1-L.
During the trial, the judge stated that he would resolve only the single issue between the State and the property owners, and not any disputes between the individual defendants. He summed up his position by stating: “What I am saying is that [in] this state and in this posture I am not interested in disputes between the parties as to the source of their title. I am not going to take any evidence on it.” The Court’s order does, however, define the rights of the various property owners. It is from this order that the Reids appeal.
The Reids contend that because the trial court refused to hear all of the evidence on the rights of the individual landowners, and yet proceeded to define their rights, they were denied their basic right to a “day in court.” When the trial judge ruled that he would take no more evidence on the dispute between the parties, the Reids did not attempt to put on any of their other evidence, which they contend was very material and could have established their right to the land in question. Thus they contend that they were denied their right to fully litigate their claim.
Southeastern does not dispute the fact that the trial court refused to take any more evidence on the dispute between the parties, but Southeastern contends that the trial court entered the final decree determining the rights of the individuals because counsel for all the parties, including the Reids, represented to the court during an in-chambers conference held on or about October 11, 1979, that they were in agreement as to what parcels of property were to be awarded to each party under the final decree. The final decree, Southeastern urges, reflects that agreement.
It is this in-chambers meeting which is the subject of Southeastern’s Rule 10(f), ARAP, motion for modification of the record and order for supplemental record. No court reporter was present at that conference, and as a result, there was no record of that conference until the Rule 10(f) motion was filed and the record was supplemented to reflect that meeting. The supplemental record reads in part:
The Court was reminded that at one point during the testimony ... the Court had made a statement that it was “not going to get involved in disputes with the parties over the merits of their respective claim.” All counsel present represented to the Court that the various Defendants had reached agreement among themselves as to the respective parcels of prop *670 erty to be awarded to each Defendant under the decree....
The Reids have filed a motion to strike the modification of the record, relying on Sylvest v. Stowers, 276 Ala. 695, 166 So.2d 423 (1964). That case involved a boundary line dispute and a written boundary line agreement which had not been offered in evidence at the trial of the case. After the final decree had been entered, the appellee sought to introduce the agreement by supplementing the record. There this Court held that the admission of the agreement was error and said that “.. . corrections are limited to what actually happened in the trial court in order that a true record may be presented to the appellate court. It is not proper to use a hearing for correction of the transcript for the introduction or receipt of evidence which could or should have been introduced on the trial.”
In the instant case, however, the modification does not involve the introduction of new evidence not presented at trial into the record, but instead clarifies the record on appeal by explaining what happened at the conference and thereby makes the record conform to the truth. As Rule 10(f), ARAP, states:
If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth....
Thus, the modification of the record here complies strictly with the very purpose of Rule 10(f) and was properly allowed.
The record on appeal, therefore, un-disputedly shows that the parties represented to the trial court that they were in agreement on the property to be awarded by the final decree. This being so, the appellants have waived their rights and cannot now complain that they were denied their right to litigate their claim fully.
Moreover, there was no evidence in the record showing that the Reids had a claim to any of the land awarded by the trial court to Southeastern. The Reids never purported to own any portion of the property involved in the litigation other than Parcel 1-J, Map 1. Mr. Reid testified that he never claimed any land at Garrows Bend, east of Bay Shell Road, other than that parcel of land in front of Lots 13 and 14 out to the bay shoreline of Garrows Bend. That description defines only Parcel 1-J.
The Reids apparently contend that had it not been for the quitclaim deed given to Southeastern by Mary E. Williamson, the property in Parcels 1-L and 1-K which was awarded to Southeastern, would have been awarded to them. They urge that when Mrs. Williamson made their warranty deed, which describes only Parcel 1-J, she believed that Parcel 1-J was all she possessed, and thus, the subsequent quitclaim deed conveyed nothing. While it is true that “[a] quitclaim deed can convey nothing more than what the grantor actually owns,” Benedict v. Little, 288 Ala. 638, 264 So.2d 491 (1972), here it appears that when Mrs. Williamson made the the quitclaim deed to Southeastern she did own the property in Parcels 1-K and 1-L.
When a grantor has good title, a quitclaim deed is as effectual to pass it as a warranty deed. Benedict v. Little, supra. Thus, the quitclaim deed clearly was effective to convey whatever interest Mrs. Williamson had in Parcels 1-K and 1-L to Southeastern. We need not here consider complainants’ right to the correction of the deed to include additional property, when no such point had been raised below. Walling- v. Moss, 240 Ala. 87, 197 So. 30 (1940). Thus, having never claimed any property other than Parcel 1-J, they cannot on appeal claim ownership of additional property which was not asked for below.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.

*671