FAULKNER, Justice.
Linder Blair and Wanda Blair appeal from a summary judgment granted in favor of Kimberly-Clark Corporation in a suit for wrongful cutting of timber and for conversion and trespass. We affirm.
The facts are undisputed in this case. In a warranty deed dated June 24, 1975, C.L. Blair and his wife, Pearlie Blair, conveyed certain property in Talladega County to their son Linder Blair and his wife Wanda. Included in the deed was a clause by which C.L. Blair retained timber and mineral rights as follows:
“One of the Grantors herein, C.L. Blair, hereby retains the right to cut the timber from the premises and further retains all mineral and mining rights including the right to sell any minerals on the property or to mine same. The right shall not be retained as to Pearlie B. Blair.”
On June 2, 1981, C.L. Blair conveyed to Kimberly-Clark Corporation “the right to cut and remove all pine and hardwood saw-timber and pulpwood from the property for a thirteen month period, ending July 1, 1982.” Kimberly-Clark Corporation paid $24,675.00 in consideration for the timber rights.
Prior to this agreement on May 29, Lin-der and Wanda quitclaimed to C.L. “all right, title and interest in and to all standing timber with a right of ingress to and egress from said timber or trees, when and as he, his purchasers and assigns shall think proper....”
C.L. Blair died in December 1981. Between January 3 and June 30, 1982, representatives of Kimberly-Clark Corporation entered onto the property and cut timber. Linder and Wanda brought suit, contending that the corporation had no right to cut the timber because its interest in the timber had ceased when C.L. Blair died.
The issue before us is whether the trial court properly determined as a matter of law that Linder and Wanda Blair did not own an interest in. the timber, which they contend was improperly cut by Kimberly-Clark Corporation.
Upon review, we find that the 1975 deed is unambiguous and clearly indicates that C.L. Blair intended to retain the right to cut timber from the property. There is no indication from the “four corners” of the instrument that he intended to reserve any interest less than a fee simple interest in the timber. According to Alabama Code (1975), § 35-4-2:
“Every estate in lands is to be taken as a fee simple, although the words necessary to create an estate of inheritance are not used, unless it clearly appears that a less estate was intended.”
Considering the deed, it clearly appears that the grantor retained a fee simple interest, Union Oil Co. v. California v. Colglazier, 360 So.2d 965 (Ala.1978), and he thereby retained the right to cut and remove the timber and to sell and convey his interest therein. Heflin v. Bingham, 56 Ala. 566, 574-75 (1876). The interest, *663 being both assignable and inheritable, did not terminate upon C.L. Blair’s death.
We are also not persuaded that the quitclaim deed from Linder and Wanda back to C.L. Blair for his “natural life” in any way diminishes the fee simple interest previously retained by C.L. Blair. A quitclaim deed can convey nothing more than what the grantor actually owns. Reid v. Southeastern Materials, Inc., 396 So.2d 667 (Ala.1981); Benedict v. Little, 288 Ala. 638, 264 So.2d 491 (1972); Dunn v. Cambron, 268 Ala. 651, 109 So.2d 705 (1959). Therefore, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
ALMON, EMBRY and ADAMS, JJ., concur.
TORBERT, C.J., concurs specially.